"O"

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 07-1226 AG (MLGx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | UNITED STATES v. $57,000 IN UNITED STATES CURRENCY, ONE 2002 CHEVROLET IMPALA, AND ONE 2001 MERCEDES BENZ E320 | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   [IN CHAMBERS] ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

*Pro se* claimant Robert Guzman (the "Claimant") filed a Motion for Appointment of Counsel (the "Motion") under 28 U.S.C. § 1915. After considering the parties' arguments, the Court DENIES the Motion.

## LEGAL STANDARD

A claimant in a civil forfeiture case does not have a constitutional right to counsel. *United States v. $292,888.04 in United States Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel under 28 U.S.C. § 1915 is at the court's discretion. 28 U.S.C. § 1915(d). "Under Section 1915[], counsel may be designated only in 'exceptional circumstances.'" *Id.* at 569 (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)). To determine the existence of exceptional circumstances, a court looks at the claimant's "likelihood of success on the merits" and "his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved." *$292,888.04 in United States Currency*, 54 F.3d at 569.

## ANALYSIS

Claimant demonstrates little likelihood of success. A claim of likelihood of success must

"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 07-1226 AG (MLGx) | Date | September 22, 2008 |
|---|---|---|---|
| Title | UNITED STATES v. $57,000 IN UNITED STATES CURRENCY, ONE 2002 CHEVROLET IMPALA, AND ONE 2001 MERCEDES BENZ E320 | | |

be supported by admissible evidence. *Id.* (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Claimant argues that "the government lacked any probable cause whatsoever to seize his money." (Motion ¶ 8.) But he describes no evidence, much less admissible evidence, that might support this claim.

Claimant appears capable of articulating his claims *pro se*. In determining a claimant's ability to articulate his claims *pro se*, a court asks whether the claimant would be "hampered in articulating his claims by any complexity of the issues involved," *$292,888.04 in United States Currency*, 54 F.3d at 569, and whether the claimant demonstrates "sufficient writing ability and legal knowledge to articulate his claim," *Terrell*, 935 F.2d at 1017. Here, the legal issue is not complex. The only issue is whether the defendant currency is tied to illegal drug activity. (Motion ¶ 8; Opposition 2:25-3:1.)

Further, Claimant has shown sufficient writing ability and legal knowledge to articulate his claim. He has drafted a clear, concise Motion. In it, he demonstrates his understanding that the issue is simply whether the defendant currency is "tied . . . to . . . illegal drug activity." (Motion ¶ 8.) Claimant argues that he is a high school dropout (Motion ¶ 1), has no formal legal training (*Id.* ¶ 4), and received help drafting the Motion from a third party who will be unable to aid him in the future. (*Id.* ¶ 5-6.) These facts might make it harder for Claimant to argue his claim successfully, but they do not show that he lacks sufficient writing ability and legal knowledge to articulate his claim.

## DISPOSITION

The Court DENIES the Motion.

|  | : | 0 |
|---|---|---|

| | Initials of Preparer | lmb |
|---|---|---|